FILED

2019 APR -4 AM 10:52

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:19-cr-65-Orl-18TBS

UNSEALED  18 U.S.C. § 922(g)(1)
18 U.S.C. § 922(o)

JOSE LUIS GUADALUPE ALVAREZ

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about February 5, 2019, in the Middle District of Florida, the defendant,

**JOSE LUIS GUADALUPE ALVAREZ**,

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

> Conspiracy to make a false or fictitious statement in connection with the acquisition of firearms and to deal in firearms without a license, on or about November 8, 2006,

did knowingly possess, in and affecting interstate and foreign commerce, firearms and ammunition, that is, a Glock firearm, a Charter Arms firearm, a Smith and Wesson firearm, a Romarm/Cugir firearm, .40 caliber ammunition, .38 caliber ammunition, .44 caliber ammunition, and 7.62 x 39 caliber ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT TWO

On or about February 5, 2019, in the Middle District of Florida, the defendant,

**JOSE LUIS GUADALUPE ALVAREZ,**

did knowingly possess a machinegun, that is, a Glock machinegun-conversion device commonly referred to as a "Glock switch," "Glock chip," and "Glock sear."

In violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. §§ 922(g) and 922(o), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, the following: a Glock firearm, a Charter Arms firearm, a Smith and Wesson firearm, a Romarm/Cugir firearm, .40 caliber ammunition, .38 caliber

ammunition, .44 caliber ammunition, 7.62 x 39 caliber ammunition, and Glock machinegun-conversion devices.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Embry J. Kidd
Assistant United States Attorney

By: _____
Sara C. Sweeney
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

JOSE LUIS GUADALUPE ALVAREZ

## INDICTMENT

Violation:  18 U.S.C. § 922(g)(1)
            18 U.S.C. § 922(o)

A true bill,

_____
Foreperson

Filed in open court this 3rd day of April, 2019.

_____
Clerk

Bail  $_____

GPO 863 525